IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTINA KIELICH<br>5303A Birds View Lane<br>Alexandria, VA 22312 | * * * * | |
| Plaintiff | * * | **COMPLAINT** |
| v. | * * | |
| STRATHMORE HALL<br>FOUNDATION, INC.<br>10701 Rockville Pike<br>North Bethesda, MD 20852 | * * * * * | **JURY TRIAL DEMANDED** |
| *Serve on*: | * * | |
| Eliot Pfanstiehl<br>Strathmore Hall Arts Center<br>10701 Rockville Pike<br>North Bethesda, MD 20852 | * * * * * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PRELIMINARY STATEMENT**

1.  Plaintiff CHRISTINA KIELICH ("Kielich") is an avid fan of the theater. Because she is late-deafened, captioning is necessary for Kielich to understand theater performances. Strathmore Hall Foundation, Inc. ("Defendant") has refused her requests for captioning for performances. As a result of Strathmore's refusal to provide captioning for performances, Kielich is unable to follow the dialogue of performances at Defendant's theater. Defendant' conduct violates Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and section 504 of the Rehabilitation Act. Kielich brings this Complaint to compel Defendant to cease unlawful discriminatory practices and implement policies and

1

procedures that will ensure effective communication, full and equal access, and an equal opportunity to participate in and benefit from Defendant's events that are open to the public. Kielich seeks declaratory and injunctive relief as well as compensatory damages and reasonable attorneys' fees, and costs.

## JURISDICTION

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (i) Defendant has sufficient contacts with this District to subject it to personal jurisdiction at the time this action is commenced; and (ii) the acts and omissions giving rise to this Complaint occurred and will continue to occur within this District.

## PARTIES

4. Christina Kielich resides at 5303A Birds View Lane, Alexandria, Virginia 22312. Kielich is late-deafened and substantially limited in the major life activity of hearing.

5. Defendant Strathmore Hall Foundation, Inc. owns and operates theaters and other performance and fine arts venues. Defendant is located at 10701 Rockville Pike, North Bethesda, MD 20852. Defendant's service agent is Eliot Pfanstiehl, Strathmore Hall Arts Center, 10701 Rockville Pike, North Bethesda, MD 20852.

6. Defendant is a place of public accommodation insofar as it offers cultural programming to the public at its venues and therefore is subject to Title III of the Americans with Disabilities Act.

7. Defendant is a recipient of federal finansial assistance and therefore is subject to section 504 of the Rehabilitation Act of 1973.

**FACTUAL ALLEGATIONS**

8. Kielich is a theater buff who loves attending shows and performances. Kielich studied drama at Catholic University, studied Shakespeare at Oxford, and wrote her senior thesis on the role of women in Greek drama.

9. Because Kielich is late-deafened, captioning is necessary for Kielich to understand theater performances.

10. On or about September 24, 2015, Kielich sent an email to Defendant's ticket office requesting captioning for the April 16, 2016 performance of Carol Burnett.

11. Defendant did not respond to Kielich's email dated September 24, 2015.

12. On or about September 28, 2015, Kielich sent a follow up email to Defendant's ticket office to check in on the status of her request for captioning for the Carol Burnett performance.

13. Defendant did not respond to Kielich's email dated September 28, 2015.

14. On or about November 27, 2015, Kielich renewed her request for captioning for the Carol Burnett performance.

15. On or about December 1, 2015, Christian Simmelink with Defendant's ticket office replied, referring Kielich to the Director of Patron Services, Allen McCallum. Mr. Simmelink copied Mr. McCallum on the email.

16. On or about December 28 and 29, 2015, Kielich twice renewed her requests for captioning for the Carol Burnett performance.

17. On or about January 3, 2016, Mr. McCallum replied to Kielich's emails, stating that "the answer is most likely no."

18. Defendant did not provide captioning for the Carol Burnett show on April 16, 2016.

19. As a result of Defendant's failure to provide captioning for the Carol Burnett performance, Kielich would not have been able to understand the dialogue and did not attend.

20. On or about December 8, 2016, Kielich sent Defendant's ticket office an email requesting captioning for a pre-concert lecture and concert for Ladies Sing the Blues on April 8, 2017.

21. On or about December 8, 2016, Defendant's ticket office responded to Kielich's email, stating that it had forwarded her request to Mr. McCallum who would "get back to you about captioning."

22. To date, Defendant has not followed up with Kielich about captioning for the April 8, 2017 events.

23. Kielich continues to be interested in attending the April 8, 2017 event but will not have full and equal access unless Defendant provides captioning for the requested events on that date.

24. As a result of Defendant's failure to provide captioning for events, Kielich is and continues to be deprived of an opportunity equal to that of other patrons to the full and equal enjoyment of Defendant's events.

25. Kielich continues to be interested in events that Defendant advertises and will attend such events if and when they are captioned.

26. Defendant is a recipient of federal financial assistance because they directly or indirectly receive funding from, *inter alia*, the National Endowment of the Arts and the Department of Defense.

## COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT

27. Kielich repeats and realleges all paragraphs in support of this claim.

28. Kielich is substantially limited in the major life activity of hearing, and is therefore an individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2).

29. Defendant owns, leases, and/or operates a place of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

30. Title III of the ADA prohibits discrimination on the basis of disability in "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any places of public accommodations . . . " 42 U.S.C. § 12182(a).

31. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer an unequal or separate benefit to individuals with disabilities. A public accommodation is required to administer its programs and activities in the most integrated setting appropriate to meet the needs of qualified individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A) and (B); 28 C.F.R. §§ 36.202; 36.203.

32. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation must make reasonable modifications to its policies, practices, or procedures, when necessary to ensure full and equal access for people with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

33. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individual with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(b)(1).

34. Defendant has and continues to discriminate against Kielich on the basis of disability by denying her full and equal participation in the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services or reasonably modify its policies, practices, or procedures, in violation of Title III of the ADA.

35. Kielich has been and continues to be harmed as the result of Defendant's discrimination and has suffered humiliation, embarrassment and exclusion from a cultural experience open to others.

## COUNT II: SECTION 504 OF THE REHABILITATION ACT

36. Kielich repeats and realleges all paragraphs in support of this claim.

37. Kielich is substantially limited in the major life activity of hearing, and is therefore an individual with a disability within the meaning of the Rehabilitation Act.

38. Kielich is a qualified individual with a disability.

39. Defendant is a recipient of federal financial assistance.

40. Section 504 of the Rehabilitation Act states that no qualified individual with a disability shall "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."

41. Defendant has and continues to intentionally discriminate against Kielich solely on the basis of disability by denying her meaningful participation in the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services or reasonably modify its policies, practices, or procedures, in violation of section 504 of the Rehabilitation Act.

42. Kielich was harmed and continues to be harmed by Defendant's discrimination and has suffered humiliation and embarrassment as the result of her exclusion from a cultural experience open to others.

## **RELIEF**

WHEREFORE, Plaintiff Christina Kielich respectfully requests that this Court provide the following relief:

(a) Issue a declaration that Defendant's policies, procedures, and practices have subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act and section 504 of the Rehabilitation Act;

(b) Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals who are deaf, such as Kielich, full and equal enjoyment and meaningful access to and an equal opportunity to participate in and benefit from Defendant's programs, activities, and services regardless of disability;

(c) Order Defendant to develop and comply with written policies, procedures, and practices to ensure that Defendant does not discriminate in the future against Kielich and other similarly situated individuals who are deaf;

(d) Order Defendant to provide captioning to ensure effective communication with Kielich during theater performances and all other programming open to the public;

(e) Order Defendant to train all representatives and employees about Kielich's rights and the rights of individuals who are deaf, as well as provide training on Defendant's policies and procedures;

(f) Order Defendant to list on its website(s) Defendant's procedures and policies for complying with the Americans with Disabilities Act and section 504 of the Rehabilitation Act;

(g) Award compensatory damages to Kielich pursuant to section 504 of the Rehabilitation Act;

(h) Award reasonable costs and attorneys' fees;

(i) Award any and all other relief that this Court finds necessary and appropriate.

                Respectfully submitted,


                s/Marc Charmatz
                Marc Charmatz
                NATIONAL ASSOCIATION OF THE DEAF
                Law and Advocacy Center
                8630 Fenton Street, Suite 820
                Silver Spring, MD 20910
                T: (301) 587-7732
                F: (301) 587-1791
                marc.charmatz@nad.org

                s/Mary C. Vargas
                Mary Vargas
                STEIN & VARGAS, LLP
                840 First Street NE
                Third Floor
                Washington, DC 20002
                T: (202) 248-5092
                F: (888) 778-4620
                mary.vargas@steinvargas.com

                *Attorneys for Plaintiff*

Date: Januari 17, 2017

## JURY DEMAND

Plaintiff Christina Kielich, through her undersigned attorneys, hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

<u>/s/ Mary C. Vargas</u><br>
Mary C. Vargas